# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TRAMAINE A. HARRISON**                    CIVIL ACTION

**VERSUS**                                   NO.  14-2844

**JEFFERSON PARISH CORRECTION**              SECTION "R" (4)
**CENTER, KENNER POLICE**
**DEPARTMENT, FELICIANA**
**FORENSIC FACILITY (JACKSON**
**CAMPUS), JUDGE ELLEN KOVAC &**
**DFC (JUAN SMITH, SUSAN**
**JOHANSEN, BARBARA JOHNSON)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C) and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.  On January 20, 2015, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the Kenner Police Department participating by conference telephone call.[2]    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.    Factual and Procedural Background

### A.    Complaint

The plaintiff, Tramaine A. Harrison ("Harrison"), is an inmate who is currently detained in the Jefferson Parish Correctional Center in Gretna, Louisiana.  Harrison filed this *pro se* and *in*

---

[1]766 F.2d 179 (5th Cir. 1985).  The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges occurred and the legal basis for the claims.  The information received is considered to an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e).  *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 14.  The plaintiff was sworn prior to testifying.  The hearing was digitally recorded and a copy of the transcript has been filed into the record.  Rec. Doc. No. 20.

*forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the Jefferson Parish Correctional Center, the Kenner Police Department, Feliciana Forensic Facility, 24th Judicial District Judge Ellen Kovach (incorrectly spelled "Kovac" in the complaint), and District Forensic Coordinators Juan Smith, Susan Johansen, and Barbara Johnson, seeking monetary compensation and other injunctive relief, including the defendants' discharge from employment, a formal written apology, and the expungement of his plea of not guilty and not guilty by reason of insanity.

Harrison alleges that he was beaten by Kenner Police Officers, who he identified as P. Zeno, G. Miller, B. Wilson and T. Ragas.  He also claims that these officers failed to administer his prescribed psychotropic medication which "caused mental relapse"[3] and did not provide him with medical attention after he was beaten.  He alleges that he was beaten and choked with an iron police baton after he refused to be fingerprinted.  He also alleges that he was tasered while confined in solitary confinement wearing only a paper gown.  His complaints to internal affairs were ignored.

As a result of these incidents, he entered a plea of not guilty by reason of insanity, and received a sentence of five years probation, which he eventually completed.  He alleges, however, that defendant Juan Smith did not file for an extension before the probation period ended.  As a result, Judge Kovach had him arrested and is threatening to revoke his probation based on the lies and perjured statements of Johansen.  He was sent to the Feliciana Forensic Facility for "stabilization."

### B.    The *Spears* Hearing

Harrison testified at the *Spears* Hearing that his original plea of not guilty and not guilty by reason of insanity on the charge of battery on a police officer occurred in 2009.  He had been

---

[3]Rec. Doc. No. 1, p. 4.

diagnosed as bipolar and with schizoaffective personality.  At the time, he was not being provided his psychiatric medication, and after being sent to the psychiatric hospital for about six months, he decided to enter the plea so he could go home.

After that, he spent five years on probation.  During that five years, he stated, he completed a college degree, authored books, and had consistent living arrangements.  He also eventually lost contact with his District Forensic Coordinator Juan Smith.  As a result, the probation period was not extended before it expired.  His probation officer, Brandon Kirby, released him from probation.

When he was later taken to court for the officials to try to get him back on probation, he was assigned a new Coordinator, Susan Johansen.  He further testified that, after a minor domestic dispute with his girlfriend, he was without a place to stay.  Johansen reported that he had become a danger to himself and society.

Harrison stated that he sued the Jefferson Parish Correctional Center because he was incarcerated there and not provided his medication for four days.  During that time, he repeatedly asked for his medicine and/or to seek a ranking officer to get it.  After being ignored, he threw a trash can at the control booth window.  After that, he was in a physical altercation with four officers, including "Mr. Foret."  He was placed in handcuffs and hit in the head with a radio several times and slammed into the window by Foret.

He sued the Kenner Police Department because, a number of years ago, they arrested him on a warrant and that eventually led to the events about which he is complaining.  He stated that, the warrant was related to his arrest when he was wearing a belt buckle that looked like a gun.  He was eventually sent to the psychiatric ward.

Harrison also stated that he sued Judge Kovach because she did not give him a chance to defend himself against the statements made by Johansen before letting them put him in the Feliciana Forensic Facility.  He had counsel at the first hearing, and was able to appeal.  He also named the Feliciana Forensic Facility as a defendant because he believes he is being falsely imprisoned because his probation was never properly revoked.  He was supposed to have a hearing on January 14, 2015, but Judge Kovach recused herself due to this lawsuit and no other hearing has been set.

Harrison stated that he included Johansen, Smith and Barbara Johnson as defendants because he believes they conspired to have a parole extension or revocation hearing without him.  Johnson is the coordinator who is now asking that his probation be revoked.

### C.    Supplemental Complaint

Following the *Spears* Hearing, the Court granted Harrison leave to file a Supplemental Complaint (Rec. Doc. No. 18) to further outline and explain the matters to which he testified at the hearing.  Harrison alleges therein that, a few years ago, he was arrested by Kenner police officers for wearing a buckle that looked like a gun.  He was pushed to the ground by the officers and blacked-out.  He awakened in a holding cell without a toilet or place to sit.  He claims that he yelled and banged on the cell door all night, so he was sent to the psychiatric hospital.  He was not taken to court and was released from the hospital that same day.

Harrison further alleges that, about one year after the Kenner arrest, he had a verbal altercation with his ex-wife.  He called the police, and was arrested on a warrant related to the earlier Kenner "belt buckle" arrest.  He was sent to Jefferson Parish Correctional Center where he was given a paper gown and was not given the correct prescription medication, which caused him to throw up.  He made a noose out of his paper gown and was tasered by officers at the jail.

He further alleges that he then was to be transferred to Kenner.  He first was taken to a fingerprint station where he refused to be fingerprinted.  He claims that officers there choked him and beat his legs with an iron baton.  He was then taken to the Kenner Police Department jail where his mental health deteriorated.  He ran around the tier naked so he was moved to a cell by himself.  While there, he repeatedly pressed the intercom to ask for his medication.  Officer Zeno threatened to beat him if he continued, and Harrison admittedly pressed the intercom to ask to go to the hospital.  After that, he had a physical altercation with Zeno and four other officers.  Three officers held him down and Zeno punched him over thirty times in the side.  After Harrison allegedly lost control of his bowels, Zeno dragged him by the leg about twenty-five yards to solitary confinement.

Harrison claims that about ten minutes later, an EMT and Zeno came to the cell.  Harrison and Zeno argued with each other because Harrison wrote on the wall with his own feces.  He was not given medical attention and was not allowed visitors or to use the phone so they could cover up his injuries.  Harrison claims that, as a result of the foregoing incidents, he had a dislocated right knee, his gall bladder was removed because of the beating by Zeno and the other officers, bowel incontinence, broken right thumb, dislocated pinky on the left hand, three stitches to his right eye, a black eye, and other face and head injuries.

Harrison alleges that he was taken outside the next day to shower off while cars drove by and could see him.  He was sent the next day to a mental health hospital.

Harrison also reiterates in the Supplemental Complaint that Juan Smith had his probation extended after it expired and did so without his knowledge.  Susan Johansen later lied under oath to Judge Kovach, and the Judge was biased and partial in favor of the prosecution and forensic coordinators.  Harrison states that, at a hearing on September 12, 2014, he also was arrested and his

5

probation revoked in connection with his leaving the scene of the verbal dispute he had with his girlfriend and which he alleges was based on the lies told by Johansen.

## II.   **Pending Motions**

### A.   **Defendants' Arguments**

Before the Court are several motions to dismiss filed by the defendants.  The Kenner Police Department filed a motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(d) seeking dismissal of the claims against it on the basis that it is not a juridical entity and Harrison's claims have prescribed.[4] Specifically, the defendants alleges that the incident involving Harrison and Officer Zeno occurred in 2007 as evidenced by the incident report attached to the motion.[5]  Alternatively, the Department contends that Harrison has not exhausted available administrative remedies and otherwise has failed to state a cause of action against it.

Judge Kovach filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Harrison has failed to allege a claim for which relief can be granted.[6]  Judge Kovach alleges that Harrison's claims against her arise from his criminal proceeding in Jefferson Parish Case No. 08-361, over which she was a presiding judge. She alleges that she enjoys absolute judicial immunity and the claims against her must be dismissed.

Another motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6) was filed by defendants the Feliciana Forensic Facility,[7] Smith, Johansen and Johnson, seeking dismissal of the claims against

---

[4]Rec. Doc. No. 31.

[5]Rec. Doc. No. 31-2, p.6.

[6]Rec. Doc. No. 33.

[7]The motion was filed on behalf of the "Louisiana Department of Health and Hospitals, Eastern Louisiana Mental Health Systems, Feliciana Forensic Facility."  The provisions of La. Rev. Stat. Ann. § 28:21(E), which created the Eastern Louisiana Mental Health System, was repealed by Acts 2009, § 4, No. 384, leaving the Feliciana Forensic

them for failure to state a claim for which relief can be granted.[8]  These defendants argue that the Feliciana Forensic Facility is not a person to be held liable under § 1983.  In addition, any claims against Smith, Johansen and Johnson are barred by the doctrine under *Heck v. Humphrey*, 512 U.S. 477 (1994), and the three defendants are otherwise entitled to qualified immunity.  For these reasons, the defendants urge dismissal of the claims against them.

Finally, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) was filed on behalf of the Jefferson Parish Correctional Center seeking dismissal because it is a building and not a person or suable entity.[9]

## B.    Harrison's Opposition

Harrison has filed memoranda in opposition to each of the motions.[10]  In his initial opposition to the motion filed by the Kenner Police Department, Harrison contests the factual narrative within the incident report exhibit to the motion rather than the basis for the motion itself.[11]

In his opposition to the motion from Judge Kovach, Harrison argued that the Judge failed to uphold her duty to be fair and neutral and abused her power when she had him arrested/incarcerated at the September 12, 2014, hearing without sufficient evidence and without allowing him to prepare a defense.[12]  He also indicates that he filed for review of her ruling in the

---

Facility as a separate and distinct facility from the East Louisiana State Hospital.  La. Rev. Stat. Ann. § 28:25.1(A).

[8]Rec. Doc. No. 46.

[9]Rec. Doc. No. 56.

[10]Rec. Doc. Nos. 39, 41, 51, 54.

[11]Rec. Doc. No. 39.

[12]Rec. Doc. No. 41.

higher state courts.  He further alleges that she took his freedom which led to his physical injuries and other personal losses.

In his supplemental opposition memoranda, under a broad reading, Harrison argues that, because Supreme Court precedent considers municipalities to be persons for purposes of suit under § 1983, he has a right to sue the Kenner Police Department and the Jefferson Parish Correctional Center.[13]  He further contends that he is suing these two defendants for failure to train, battery, excessive force, false imprisonment, and abuse of power.  He also argues that these defendants and the four other movants, Judge Kovach, Smith, Johansen, and Johnson, are not protected by the qualified immunity defense since he is not seeking punitive damages.[14]

## III.   Discussion

As outlined above, Harrison challenges his continued detention in connection with the revocation proceedings related to and arising from his sentence of probation following a plea of not guilty and not guilty by reason of insanity to the charge of battery on a police officer and resisting an officer.  He also has alleged incidents of excessive force by police and excessive force and denial of adequate medical care by prison officials during his prior arrests and periods of detention. However, he has not sued the individual officers allegedly involved in those incidents.

Instead, he pursues his claims against the Jefferson Parish Correctional Center, the Kenner Police Department, the Feliciana Forensic Facility, Judge Kovach, Smith, Johansen, and Johnson, for their alleged roles in his arrest, detention and revocation proceedings.  Before proceeding to the

---

[13]Rec. Doc. No. 51, 54.

[14]*Id.*, at pp. 2-3.

defendants' motions to dismiss, the Court is called upon to conduct its statutory review for frivolousness of this *in forma pauperis* complaint under 28 U.S.C. § 1915 and § 1915A.

A. **Standards of Review Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### B.     **Improper Defendants**

As an initial matter, the Court finds that several of the named defendants are not suable entities or persons subject to suit under § 1983.  For the following reasons, Harrison's claims against these defendants are frivolous and otherwise fail to state a claim for which relief can be granted, and in one instance seeks relief from an immune defendant.

### 1.     **Jefferson Parish Correctional Center**

Harrison alleges that, for some period of time, he was wrongly imprisoned in Jefferson Parish Correctional Center as a result of his arrest related to the revocation of his probation.  He also stated that, while he was there he was not given his psychiatric medication for four days and was physically beaten and restrained by several unidentified officers after he threw a trash can at the control booth window.  He has not named as defendants any individual or officer involved in the denial of medication or those who physically injured and restrained him.  He has sued the jail for damages arising from his injuries and temporary imprisonment there, including claims of failure to train, battery, excessive force, false imprisonment, and abuse of power.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law.  42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of St. Police*, 491 U.S. 58 (1989).  In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether a defendant can be sued.[15]  Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person."  This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code Ann. art. 24.

---

[15]Rule 17(b) of the Federal Rules of Civil Procedure provides in relevant part that the "[c]apacity to sue or be sued is  determined by . . . the law of the state where the court is located."  *See* Fed. R. Civ. P. 17(b).

Thus, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Jeffries v. St. Bernard Parish Sheriff's Dep't*, No. 12-1063, 2013 WL 6044365 at *4 (E.D. La. Nov.13, 2013) (Order adopting Report and Recommendation); *Bland v. Terrebonne Parish Crim. Just. Complex*, No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct.23, 2009) (Order adopting Report and Recommendation).

The Jefferson Parish Correctional Center is not a proper defendant in this case. The prison is not recognized as a person under the law and therefore can not be held liable under § 1983. Harrison's claims against this facility must be dismissed as frivolous and otherwise fail to state a claim for which relief can be granted under § 1983, § 1915(e) and § 1915A.

### 2.      Feliciana Forensic Facility

Harrison has named the Feliciana Forensic Facility as a defendant because that is where he is being detained as a result of the probation revocation proceedings and rulings by the state courts. As discussed above, § 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983. Like any other

detention facility or prison, Feliciana Forensic Facility is a building and therefore is not a cognizable person for purposes of suit under § 1983.

In addition, the federal courts have long recognized that the State, its subdivisions and state employees acting in an official capacity are not considered to be "person" for purposes of suit under § 1983. *Will*, 491 U.S. at 58; *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). The Feliciana Forensic Facility is a facility under the direction of the Louisiana Department of Health and Hospitals ("DHH"). *See* La. Rev. Stat. Ann. § 28:4, 21, 23, 25, 25.1; *see Advocacy Ctr. for Elderly and Disabled v. Louisiana Dept. of Health and Hospitals*, 731 F. Supp.2d 603, 605 (E.D. La. Aug. 9, 2010) (recognizing the Feliciana Forensic Facility then known as ELMHS as a component of DHH). The Louisiana Department of Health and Hospitals is an agency of the State of Louisiana. La. Rev. Stat. Ann. § 36:259; *see Romano v. Greenstein*, No. 12–469, 2012 WL 1745526, at *1 (E.D. La. May 16, 2012) (DHH is an agency of the State); *Johnson v. Easley*, No. 01-3325, 2003 WL 203103, at *2 (E.D. La. Jan. 29, 2003) (DHH is alter ego of the State); *accord Darlak v. Bobear*, 814 F.2d 1055, 1060 (5th Cir. 1987). As a part of the State government, the Feliciana Forensic Facility is not a person subject to suit under § 1983.

Further, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State School v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F .2d 183, 185-86 (5th Cir.1986). While the State may expressly waive this Eleventh Amendment sovereign immunity, Louisiana has not done so in this case. *See Edelman v. Jordan,* 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch*

*v. Dep't of Highways,* 780 F.2d 1268, 1271-73 (5th Cir.1986).  La. Rev. Stat. Ann. § 13:5106(a)

provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state

court."  Accordingly, the Court is without jurisdiction to hear the plaintiff's claims for monetary

relief against the State of Louisiana or the DHH through the Feliciana Forensic Facility.  *See*

*Warnock v. Pecos County, Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).  He also has not presented any

basis to pursue his claims for injunctive relief against the State where no particular state official has

been named in an official capacity.  *See Saltz v. Tenn. Dept. of Employment Sec.*, 976 F.2d 966, 968

(5th Cir. 1992); *Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Edelman*, 415 U.S. at 664; *Brennan*

*v. Stewart*, 834 F.2d 1248, 1252 (5th Cir. 1988).

Harrison's claims against this facility must be dismissed as frivolous and otherwise for

failure to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A.

### 3.   Judge Ellen Kovach

Harrison has named Judge Kovach as a defendant because of her actions as the presiding

judge during the revocation proceedings and her directive that he be detained.  Judge Kovach,

however, enjoys absolute immunity from suit of this kind.

Absolute judicial immunity is a time honored principle established to ensure the proper

administration of justice by allowing a judicial officer to exercise his authority free from any

apprehension as to any personal consequences he or she may face.  *See Mireles v. Waco*, 502 U.S.

9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should

be considered as a threshold matter.  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings.  *See*

*Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996).  "A judge will not be deprived of immunity

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 111 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983. Thus, injunctive relief not based on declaratory decree is not available against a judge in his or her role as a judicial officer individually or in an official capacity. *LeClerc v. Webb*, 419 F.3d 405, 414 (5th Cir. 2005) (recognizing that the FCIA of 1996 precludes injunctive relief for suits against a judicial officer acting in a judicial capacity); *Guerin v. Higgins*, 8 F. App'x 31, 32 (2d Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (finding that the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief); *cf.*, *LaBranche v. Becnel*, 559 F. App'x 290 (5th Cir. 2014) (recognizing that even when judicial immunity does not bar claims for injunctive relief, relief can be granted because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties) (citing *Moye v. Clerk, DeKalb County Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

Further, to the extent Harrison intended to name Judge Kovach in her official capacity, she also would not be a "person" for purposes of suit under § 1983. *Accord Will*, 491 U.S. at 58. Instead, suit against a state court judge in his or her official capacity would be considered suit against the State of Louisiana. *See id.* at 71. This is so because any judgment for monetary damages

14

against Judge Kovach in her official capacity would be satisfied out of the state treasury.  La. Rev. Stat. Ann. § 13:5108.1(E)(1)(c).  As discussed above, the Eleventh Amendment would prohibit this Court from entertaining a suit against Judge Kovach for monetary damages.

For these reasons, the doctrine of absolute judicial immunity and the Eleventh Amendment bar Harrison's suit for monetary damages and injunctive relief against Judge Kovach.  His claims against this defendant must be dismissed as frivolous, for failure to state a claim for which relief can be granted or for seeking relief against an immune defendant pursuant to § 1915(e) and § 1915A.

### 4.   <u>Kenner Police Department</u>

Harrison named the Kenner Police Department as a defendant because officers from that unit were involved in his initial arrest and the use of excessive force and detention in that facility.  He summarizes that he is pursuing claims against this entity for failure to train, battery, excessive force, false imprisonment, and abuse of power.  However, as has been already discussed, suit under § 1983 requires that a "person" be identified as having violated the plaintiff's constitutional rights while acting under color of state law.  42 U.S.C. § 1983; *see Will*, 491 U.S. at 58.  However, a police department is <u>not</u> a legal entity or person capable of being sued.  *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Glaster v. City of Mansfield*, No. 14-627, 2015 WL 852412, at *1 (W.D. La. Feb. 26, 2015).  The State of Louisiana grants no such legal status to any law enforcement office or department.  *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir. 1977), *writ refused*, 352 So. 2d 235 (La. 1977).

The Kenner Police Department, therefore, is not a "person" for purposes of § 1983 liability. Any claims against that entity must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted.

C.    **The *Heck* Doctrine**

Having recommended dismissal of the foregoing improperly named defendants, the only named defendants remaining before the Court are the three District Forensic Coordinators, Juan Smith, Susan Johansen, and Barbara Johnson, who Harrison alleges were responsible for his erroneous detention and the improper revocation of his probation after the term expired. The claims against these defendants are directly connected to the facts supporting his current detention. For the following reasons, Harrison's claims against these defendants, and any other person he believes responsible for his current incarceration, are barred from federal review at this time.

Before a plaintiff can proceed under § 1983 on a claim that challenges a conviction or detention, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Jackson*, 49 F.3d at 177.

In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement. This limitation avoids collateral attacks on convictions that are still outstanding. *Heck*, 512 U.S. at 484-85. Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff also seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Harrison stated that the underlying charges against him in 2009 were battery on an officer and resisting an officer. Since that time, he has also compromised his probation status through at

least one incident of domestic violence, self-endangerment, and physical confrontations.  He claims that these matters were exaggerated if not fabricated in part by the statements of defendants Smith, Johnson and Johansen which have caused his current detention and the revocation proceedings against him.  These incidents clearly arise from or comprise the basis for his civil claims in this case. Under these circumstances, regardless of whether Harrison seeks injunctive relief or damages under § 1983, his claims against these defendants must be dismissed under *Heck*, 512 U.S. at 477.

As quoted above, in *Heck*, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983.  Harrison § 1983 claims directly imply the invalidity of his current confinement, and his confinement and the revocation order have not been set aside.

Therefore, Harrison's § 1983 claims against the remaining defendants, Smith, Johansen, and Johnson, must be dismissed because they necessarily impugn the validity of his current detention. *Heck*, 512 U.S. at 479; *Arnold v. Town of Slaughter*, No. 03-30941, 2004 WL 1336637, at *3-4 (5th Cir. June 14, 2004); *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Boyd*, 31 F.3d at 283. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice until the *Heck* conditions are met.  *Johnson*, 101 F.3d at 424.

In addition, the Court notes that to the extent Harrison's petition could be read to include claims against Kenner Police Officer P. Zeno, G. Miller, B. Wilson and T. Ragas, though they are not specifically named as defendants, the claims also would be subject to dismissal under the doctrine of *Heck*.  Harrison contends that the events involving these officers, including excessive force, led to the charges of battery on a police officer and resisting a police officer to which he

ultimately entered the plea of not guilty and not guilty by reason of insanity in 2009.  This is the same plea for which he was given the probation sentence subject to the current revocation proceedings.[16]  In other words, the excessive force events involving these officers form the underlying charges leading to his current detention.  The Court could not address the excessive force issue without compromising the validity of the charges to which he entered the plea.  Thus, the *Heck* doctrine would prevent review of the claims even if these officers were added as defendants.

### D.   State Law Claims

Harrison has potentially identified several grounds for relief against the named defendants that may arguably be based on state law grounds aside from that claimed under § 1983.  For example, Harrison has referenced such state torts or grounds for relief as battery and abuse of power. To the extent he raises these and any other state law claims, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over these claims.

The "general rule" in the Fifth Circuit "is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citation omitted); *accord Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").  The Court is recommending that Harrison's federal claims under § 1983 be dismissed in their entirety.  Therefore, his state law claims should be dismissed without prejudice as the Court declines to exercise its supplemental jurisdiction. *Sula v. Stephens*, No. 14-

---

[16]The documentation provided by the Kenner Police Department indicates that these incidents occurred in 2007. Rec. Doc. No. 31

50295, 2015 WL 1396381, at *1 (5th Cir. Mar. 27, 2015) ("As the district court properly dismissed Sula's federal claims, its decision to decline to exercise supplemental jurisdiction over his state-law claims was not an abuse of discretion.").

### E.   Defendants' Motions to Dismiss

Because the Court has found that the claims raised against each of the defendants are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e) and § 1915A, the Court need not consider the motions to dismiss filed by the defendants, Kenner Police Department, Judge Kovach, Feliciana Forensic Facility, Smith, Johansen, Johnson, and the Jefferson Parish Correctional Center, which are based at least in part on the same grounds addressed by the Court.  The Court's recommendation following the statutory review leaves no claims remaining against these defendants.  Therefore, the motions can be dismissed without prejudice as moot.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Harrison's § 1983 claims against the defendants, Jefferson Parish Correctional Center, Kenner Police Department, Feliciana Forensic Facility, and Judge Ellen Kovach, be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, or for seeking relief against an immune defendants, in accordance with 28 U.S.C. § 1915(e) and § 1915A.

It is further **RECOMMENDED** that Harrison's § 1983 claims against the defendants, Juan Smith, Susan Johansen, and Barbara Johnson, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted until such time as the *Heck* conditions are met.

It is further **RECOMMENDED** that Harrison's state law claims against the defendants, Jefferson Parish Correctional Center, Kenner Police Department, Feliciana Forensic Facility, Judge Ellen Kovach, Juan Smith, Susan Johansen, and Barbara Johnson be **DISMISSED WITHOUT PREJUDICE** as the Court declines to exercise its supplemental jurisdiction.

It is further **RECOMMENDED** that the Motions to Dismiss (Rec. Doc. Nos. 31, 33, 46, and 56) filed by defendants, Kenner Police Department, Judge Kovach, Feliciana Forensic Facility, Smith, Johansen, Johnson, and the Jefferson Parish Correctional Center, be **DISMISSED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[17]

New Orleans, Louisiana, this 11th day of May, 2015.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[17]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.