UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRAMAINE A. HARRISON                                CIVIL ACTION

VERSUS                                              NO: 14-2844

JEFFERSON PARISH CORRECTION                         SECTION: R
CENTER, ET AL.

## ORDER

Plaintiff Tramaine Harrison filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Having reviewed *de novo* the complaint,[1] the record, the Magistrate Judge's Report and Recommendation,[2] and the plaintiff's objections[3] the Court approves the Report and Recommendation in part and adopts it as its opinion with the following modification.

The Magistrate Judge correctly concluded that none of the defendants named by plaintiff are subject to suit under section 1983 at this time.[4] Plaintiff does not challenge the precedent cited by the Magistrate Judge or raise any arguments disputing the Magistrate Judge's analysis. Instead, he reiterates the allegations in his complaint,[5] asks the Court for an opportunity to "take [his] Case . . . to trial,"[6] and submits an Internal Affairs report that

---

[1] R. Doc. 1.

[2] R. Doc 61.

[3] R. Doc. 64; R. Doc. 68; R. Doc. 76; R. Doc. 78.

[4] R. Doc. 61 at 10-17.

[5] R. Doc. 76 ("I pray that Magistrate Judge review all evidence, + my claim, + I beg for her to change her recommendation to dismiss my case.").

[6] R. Doc. 68 at 1.

he allegedly filed with the Kenner Police Department,[7] which, he claims, shows that he followed the proper procedures for filing a grievance.[8] These submissions are irrelevant to the findings of fact and conclusions of law that underlie the Magistrate Judge's Report and Recommendation.

Nonetheless, while the Magistrate Judge properly concluded that plaintiff's claims against Juan Smith, Susan Johansen, and Barbara Johnson are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the conclusion that plaintiff's claims against those defendants should be dismissed *with prejudice* is incorrect. A lawsuit that is *Heck*-barred because it implicates the validity of the plaintiff's confinement is dismissed *without prejudice* to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside. *See Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir.1998) (en banc) (dismissing *Heck*-barred claim without prejudice); *Williams v. Cleer*, 123 F. Appx. 591, *593 (5th Cir.2005) (dismissing *Heck*-barred claims without prejudice until plaintiff's conviction or imprisonment has been expunged, reversed or set aside). Here, plaintiff's claims against Juan Smith, Susan Johansen, and Barbara Johnson are barred because plaintiff has not shown that the *Heck* conditions have been met. Thus, his lawsuit should be dismissed without prejudice.

Accordingly, Plaintiff's section 1983 claims against the defendants Jefferson Parish Correctional Center, Kenner Police Department, Felciana Forensic Facility, are DISMISSED WITH PREJUDICE for failure to state a claim. Plaintiff's section 1983 claims against defendant Judge Ellen Kovach are DISMISSED WITH PREJUDICE for seeking relief

---

[7] R. Doc. 64 at 8.

[8] R. Doc. 68 at 2.

against an immune defendant. Plaintiff's section 1983 claims against the defendants Juan Smith, Sussan Johansen, and Barbara Johnson are DISMISSED WITHOUT PREJUDICE until such time as the *Heck* conditions are met.

New Orleans, Louisiana, this 27th day of August, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE